CONNER *v.* NEW-ENGLAND STEAM AND GAS PIPE COMPANY.

On trial before the jury, either party may introduce the report of an auditor, previously made in the same cause, as evidence of such fact or facts as he may desire to prove by it; but the party thus introducing it as evidence is not thereby estopped to deny its correctness in any other particular, or precluded from impeaching it.

Nor does the party thus introducing the report need any more evidence on his part to impeach it in any respect, than he would if it had been introduced by the other party.

ASSUMPSIT, to recover the amount of freights due the plaintiffs, for the transportation of coal, iron and sand, from Portsmouth to Exeter in their boat, from August 8, 1856, to October 22, of the same year, inclusive. The declaration contained the usual counts for transporting coal, &c., to the amount of $250. The specification was for a balance of $173.12. The action had been referred to an auditor, who reported in favor of the plaintiffs a balance of $35.76. The defendants, by leave of court, paid this balance and the interest thereon into court under the common rule. The plaintiffs elected to go to the jury to' recover the balance claimed as due. The plea was the general issue and set-off. Upon the trial of this issue the principal matter of controversy between the parties was whether the plaintiffs should be permitted, by virtue of their contract, to charge five shillings for each ton of coal at 2000 pounds, or, as the defendants claimed the contract to be, five shillings gross weight, at 2240 pounds per ton.

For the purpose of showing the actual number of tons transported, the plaintiffs offered the auditor's report as evidence on that point. The defendants here claimed that if the plaintiffs offered the auditor's report for any purpose, they were bound by the finding of the auditor, and precluded afterward to impeach it in any particular. The court overruled the defendants' exception, and permitted the plaintiffs to offer other testimony, tending to impeach the auditor's report, by showing that the contract price for the freight was five shillings the net instead of the gross ton. The jury returned their verdict for the plaintiffs for the amount claimed by them. Thereupon the defendants moved to set aside the verdict and for a new trial ; and the case was transferred.

*Bell,* for the plaintiffs.

*Hatch,* for the defendants.

Conner *v.* Gas Pipe Company.

SARGENT, J.  The Revised Statutes (ch. 189), provide for the appointment of one or more auditors in certain cases, and prescribe their duties.  Section 5 also provides that " if either party is dissatisfied with the report, the case may be tried by jury, and such report shall be given in evidence to the jury, subject to be impeached by evidence offered by either party."  The report being thus made evidence competent for the jury to consider, it would of course, if introduced in the absence of all other testimony, be sufficient to establish all the facts found in it. Now it not unfrequently happens, as in this case, that the auditor, in stating the account, finds some of the facts in favor of one, and other facts in favor of the other party. The report therefore would be in such cases evidence for one party upon some points, and for the other party upon others.

If it were to be held that the party who should introduce the report, as evidence of such facts as are there found in his favor, was to be estopped from impeaching the report in other respects, where the finding was against him, the result would inevitably be that neither party would in such a case introduce the report, and the parties would be compelled to have all their testimony at court to be used before the jury, in order to prove the facts which were found in their favor respectively in the report, and of which the report would be sufficient evidence, if introduced, and that, too, frequently in relation to facts in regard to which neither party would expect or desire to change the report.

We think the intention of the law was that the report should be submitted to the jury in all cases, so that, whatever was there found, that neither party objected to, need not be proved by any other evidence, and that neither party might need to be prepared with testimony upon any points except those upon which they desired to change the report.  We conclude also that it makes no difference

which side introduces the report; that either party may do so without being estopped to deny its correctness in any particular, or precluded from impeaching it; and that the party introducing the report needs no more evidence on his part to impeach it in any respect, than he would if it had been introduced by the other party; that either party may impeach the report in such particulars as they choose, without any regard to the fact as to which of them first introduced it as evidence before the jury; and that in all particulars, where not thus impeached, the report is to be confirmed. There must be

*Judgment on the verdict.*